UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DEON'DRE T. TOWNSEND,

        Petitioner,

  v.

                                                Case No. 21-cv-103-pp

EARNELL R. LUCAS,
MILWAUKEE COUNTY SHERIFF DEPARTMENT,
and STATE OF WISCONSIN COURTS,

        Respondents.

---

**ORDER DISMISSING *HABEAS* PETITION (DKT. NO. 1), DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY AND DISMISSING CASE WITHOUT PREJUDICE**

---

On January 25, 2021, the petitioner, representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2241 challenging his pretrial detention in the Milwaukee County Jail. Dkt. No. 1. He has not paid the $5.00 fee and has not filed a motion asking to proceed without prepaying that fee. The petitioner is not eligible for *habeas* relief. The court will deny the petition and dismiss the case.

I.    **Background**

The petition refers to "Case # 2019CF004750." Dkt. No. 1 at 4. The court has reviewed the public docket for that case. See State v. Townsend, Milwaukee County Case No. 19CF004750 (available at https://wcca.wicourts.gov). The defendant in that case is Tyree-Johnathan R. Townsend; the petitioner in *this* case is Deon'dre T. Townsend. Id. The docket indicates, however, that Case No.

1

19CF004750 is cross-referenced with Case No. 19CF004749. Id. The court has reviewed the docket for *that* case, in which the petitioner *is* a defendant. State v. Townsend, Milwaukee County Case No. 19CF004749 (available at https://wcca.wicourts.gov).[1] On March 23, 2020, the petitioner filed a petition for writ of *habeas corpus* under 28 U.S.C. §2241 challenging his pretrial detention in the Milwaukee County Jail in Case No. 19CF004749. See Townsend v. State of Wisconsin Courts, Case No. 20-cv-465-pp (E.D. Wis.), Dkt. No. 1. On April 15, 2021, the court denied that petition and dismissed the case without prejudice. Dkt. No. 10.

**II.    Rule 4 Screening**

   A.    Standard

Under Rule 1(b) of the Rules Governing Section 2254 Cases and Civil Local Rule 9(a)(2) (E.D. Wis.), the court applies the Rules Governing Section 2254 Cases to petitions for a writ of *habeas corpus* under 28 U.S.C. §2241. Chagala v. Beth, No. 15-CV-531, 2015 WL 2345613 at *1 (E.D. Wis. May 15, 2015). Those rules require the court to review, or "screen" the petition. Rule 4 of the Rules Governing Section 2254 Cases states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the

---

[1] Both cases began in Milwaukee County Circuit Court with complaints filed on October 25, 2019. The case against the petitioner charges him with one count of first-degree intentional homicide, party to a crime and one count of armed robbery. Case No. 2019CF004749. The case against Tyree-Johnathan R. Townsend charges him with felony murder. Case No. 2019CF004750. The two cases have different trial schedules.

respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

"The appropriate vehicle for a state pre-trial detainee to challenge his detention is §2241." Jackson v. Clements, 796 F.3d 841, 843 (7th Cir. 2015). While §2241 allows a state pretrial detainee to petition for *habeas* relief, the Younger abstention doctrine limits the ability of a federal court to interfere with pending state criminal prosecutions absent extraordinary circumstances. See, *e.g.*, Olsson v. O'Malley, 352 F. App'x 92, 94 (7th Cir. 2009) (citing Younger v. Harris, 401 U.S. 37, 43-45 (1971)).

Exceptional circumstances exist where irreparable damage would occur, such as cases involving prosecutorial harassment and prosecutions brought in bad faith. Younger, 401 U.S. at 49. Relief is "generally limited to speedy trial and double jeopardy claims, and only after the petitioner has exhausted state-court remedies." Olsson v. Curran, 328 F. App'x 334, 335 (7th Cir. 2009). Exceptional circumstances do not exist when the threatened injury "is solely 'that incidental to every criminal proceeding brought lawfully and in good faith.'" Id. (citing Douglas v. City of Jeannette, 319 U.S. 157, 164 (1943)).

B. Analysis

The petition asserts four grounds for relief: (1) that the petitioner's due process rights under the Fifth and Fourteenth Amendments were violated because he was arrested without a warrant and over eighty hours passed between the time of his arrest and his initial appearance, (2) that the petitioner's Sixth, Fifth and Fourteenth Amendment rights were violated when the court denied the petitioner's requests to represent himself and for a ninety-

3

day speedy trial, (3) that there was "court misconduct" when the court scheduled the petitioner's trial date after the expiration of the speedy trial period due to its congested calendar, and (4) that there was "bias and prejudice misconduct" because on January 12, 2021, all the issues were brought up and argued to the court on the record, and "while the court Accknowledged [the petitioner's] rights were violated and Agreed it's wrong, and [the petitioner's] argument valid," the court refused to take action or dismiss the case. Townsend v. Lucas, Case No. 21-cv-103-pp (E.D. Wis.), Dkt. No. 1 at 6-7. For relief, the petitioner is "requesting for all charges drop[p]ed and dismissal of this case." Id. at 7. He also seeks "compensation for and lost or damaged property." Id.

The court must dismiss the petition. The petitioner is not a defendant in Case No. 19CF004750, the case the petitioner identifies as the action he is challenging. Because the petitioner is not in custody because of Case No. 19CF004750, he has no "standing" to raise a constitutional challenge to that case. The court already has dismissed the petitioner's petition for writ of *habeas corpus* under 28 U.S.C. §2241 challenging his pretrial detention in Case No. 19CF004749, the cross-referenced case in which he *is* a defendant. To the extent the petitioner intended this petition to constitute a second challenge to his pretrial detention in Case No. 19CF004749, the petitioner filed this petition while the petition challenging Case No. 19CF004749 was pending, and a petitioner may not challenge the same detention in simultaneous *habeas* proceedings.

4

As the court explained in its order dismissing the §2241 petition in Case No. 20-cv-465, the state court criminal proceedings are ongoing. The petitioner still has what the United States Supreme Court has characterized as "an acute, live controversy with the State and its prosecutor." Younger, 401 U.S. at 41.

> "Ex parte Young, 209 U.S. 123 . . . , and following cases have established the doctrine that, when absolutely necessary for protection of constitutional rights, courts of the United States have power to enjoin state officers from instituting criminal actions. But this may not be done, except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate. Ordinarily, there should be no interference with such officers; primarily, they are charged with the duty of prosecuting offenders against the laws of the state, and must decide when and how this is to be done. The accused should first set up and rely upon his defense in the state courts . . . ."

Id. at 45 (quoting Fenner v. Boykin, 271 U.S. 240, 243-44 (1926)). This federal court cannot interfere with the ongoing state criminal proceedings. The petitioner has not described any extraordinary circumstances. He has the ability to address his concerns in state court—in the state court proceedings, he may file a motion to suppress evidence or quash his arrest, challenge the sufficiency of the evidence by having a jury trial and/or seek release from custody.

Second, even if the petitioner was the defendant in Case No. 19CF004750, his federal *habeas* petition would be premature. "A federal court will not hear a state prisoner's habeas claim unless the prisoner has first exhausted his state remedies by presenting the claim to the state courts for one full round of review." Crutchfield v. Dennison, 910 F.3d 968, 972 (7th Cir. 2018) (citing Davila v. Davis, ___ U.S. ___, 137 S. Ct. 2058, 2064 (2017)). The

petitioner has raised several motions in the state court case in which he *is* a defendant. State v. Townsend, Milwaukee County Case No. 19CF004749 (available at https://wcca.wicourts.gov). He has not, however, presented any of the claims he raised that case, or the claims he raises in this federal petition, to the state court of appeals, nor has he sought review of any court of appeals decision in the Wisconsin Supreme Court. The petitioner has not exhausted his state remedies, which is required before seeking *habeas* relief in federal court.

Finally, most of the relief the plaintiff seeks—dismissal of pending state criminal charges charges—is relief that only the state court can grant. As to the petitioner's requests for money damages, monetary relief is not available to a *habeas* petitioner. Waletzki v. Keohane, 13 F.3d 1079, 1081 (7th Cir. 1994).

For all these reasons, the court must dismiss the petition.

### III. Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted). The court declines to issue a certificate of

appealability because reasonable jurists could not debate that the petitioner is not entitled to *habeas* relief under 28 U.S.C. §2241.

## IV. Conclusion

The court **DISMISSES** the petition for writ of *habeas corpus* under 28 U.S.C. §2241. Dkt. No. 1.

The court **DECLINES TO ISSUE** a certificate of appealability.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 29th day of June, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**